IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
February 12, 2003 Session

## JOHN S. DOE v. RANDALL E. PEDIGO, ET AL.

**Appeal from the Circuit Court for Knox County**
**No. 2-380-95**

**FILED JUNE 30, 2003**

**No. E2002-01311-COA-R3-CV**

CHARLES D. SUSANO, JR., J., concurring in part and dissenting in part.

While I agree with the bulk of the majority opinion, I write separately to express my disagreement with the majority's judgment that there is a genuine issue of material fact as to whether Dr. Pedigo, "at the time of [the] occurrence [at his condominium]" was "acting by virtue of or under color of the office [of deputy sheriff]." Tenn. Code Ann. § 8-8-302 (2002).

The only material fact in dispute pertaining to the Tenn. Code Ann. § 8-8-302 analysis is whether Dr. Pedigo was a deputy sheriff at the time of the occurrence at his condominium. For the purpose of the following discussion, I will assume that he was. Obviously, this assumption is beneficial to the plaintiff's theory of the case. However, even assuming the best possible scenario for the plaintiff on this issue, I conclude that the undisputed facts and this assumption can lead to only one reasonable conclusion, *i.e.*, what happened at Dr. Pedigo's condominium was purely personal in nature and totally unrelated to his official duties.

When Dr. Pedigo and the plaintiff went to the doctor's condominium, they were not going there on any official business related to Dr. Pedigo's assumed status as a deputy sheriff. They were going there to "pass the time" as they awaited a *possible* call to respond to a crime scene. While they were there, Dr. Pedigo suggested that he inject the plaintiff with a Hepatitis B vaccine and the plaintiff agreed. It is obvious beyond any doubt that the plaintiff agreed to the injection not because Dr. Pedigo was a deputy sheriff but rather because he was a medical doctor. Again, I find no nexus between what happened at the condominium and Dr. Pedigo's assumed position as a deputy sheriff.

In my judgment, the opinion of this Court in the case of *J.W. ex rel. Watts v. Maury County*, No. M2001-02768-COA-R3-CV, 2003 WL 1018138 (Tenn. Ct. App. M.S., filed March 11, 2003), *perm. app. filed* May 12, 2003, and the instant case can be distinguished on the facts of the two cases. In *J.W.*, it is arguable that the child went to the defendant's home so the defendant could

counsel a troubled youth *at that house* as a part of the defendant's duties as a school resource officer. In the instant case, the plaintiff went to Dr. Pedigo's condominium to relax while the two of them awaited a possible call to duty for Dr. Pedigo.  The former situation involved the defendant's official duties; the latter does not.

With respect to the language in the opinion in ***J.W.*** – "or takes advantage of such actual or purported capacity" – upon which the majority relies, this language must be read in the context of the facts of that case. ***Nat'l Life & Accident Ins. Co. v. Eddings***, 188 Tenn. 512, 523, 221 S.W.2d 695, 699 (1949).

I would affirm the trial court's judgment in its entirety.

_____
CHARLES D. SUSANO, JR., JUDGE